NOT DESIGNATED FOR PUBLICATION

No. 126,726

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TEILL S. REYNOLDS,
*Appellant*,

v.

GLORIA GEITHER, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed June 21, 2024. Reversed and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before PICKERING, P.J., MALONE and WARNER, JJ.

PER CURIAM:  Teill S. Reynolds appeals the summary dismissal of his writ of habeas corpus. Reynolds filed what he purported to be a K.S.A. 60-1501 petition in Leavenworth County where he was incarcerated. The district court construed the petition as a K.S.A. 60-1507 motion and dismissed the case because Reynolds was convicted in Wyandotte County and should have filed a K.S.A. 60-1507 motion there. On appeal, Reynolds claims the district court erred in dismissing his case when it should have transferred venue to Wyandotte County where he was convicted. Gloria Geither (Respondent), the warden at the time where Reynolds was incarcerated, argues that the district court did not err in dismissing the case because it lacked jurisdiction. For reasons

1

explained below, we reverse the district court's order dismissing the case and remand with directions for the district court to transfer venue to Wyandotte County.

FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2013, Reynolds was sentenced to two concurrent hard-25 life prison terms following his conviction by a jury of two counts of rape involving a child under 14 years old. Reynolds was convicted and sentenced in Wyandotte County. Additional facts of the convictions and sentences are not relevant to this appeal but are fully recounted in Reynolds' direct appeal, *State v. Reynolds*, No. 109,674, 2014 WL 6909523, at *1-4 (Kan. App. 2014) (unpublished opinion).

On April 28, 2023, Reynolds, who was incarcerated in Leavenworth County, filed a writ of habeas corpus under K.S.A. 60-1501 with the Leavenworth County District Court. In the petition, Reynolds raised three similar claims: (1) that the State failed to charge and prove his age at trial and the district court failed to instruct the jury that his age was an element to his offenses; (2) that the information was fatally defective for failing to list his age as an element of the offenses; and (3) that insufficient evidence supported his convictions because the State did not present evidence of his age. On May 16, 2023, without receiving any response, the district court summarily dismissed the petition for lack of jurisdiction on the ground: "Actions under K.S.A. 60-1507 must be filed in the county where the sentence was imposed, i.e., Wyandotte County."

On June 5, 2023, Reynolds moved to reconsider. He argued, among other things, that his petition was properly before the Leavenworth County District Court because he was incarcerated at the Leavenworth prison, and he filed a K.S.A. 60-1501 petition and not K.S.A. 60-1507 motion. The district court denied the motion to reconsider on July 3, 2023. In doing so, the district court found that although Reynolds purported his claim to be under K.S.A. 60-1501: "It is clear to this court that Petitioner is challenging his

2

underlying conviction, thus his action is for relief under K.S.A. 60-1507, not 1501. Therefore, Petitioner's current claims must be brought in Wyandotte County." Reynolds timely appealed, and the district court appointed counsel to represent Reynolds on appeal.

### DID THE DISTRICT COURT ERR IN DISMISSING REYNOLDS' MOTION WITHOUT TRANSFERRING VENUE TO WYANDOTTE COUNTY?

Reynold's sole claim on appeal is that the district court erred in dismissing his case without transferring venue to Wyandotte County, the county of his conviction. The Respondent asserts the district court properly dismissed the case for lack of jurisdiction.

As a threshold issue, we find that the district court was correct to construe Reynolds' motion under K.S.A. 60-1507 and not K.S.A. 60-1501. "'Pro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments.'" *State v. Hill*, 311 Kan. 872, 875, 467 P.3d 473 (2020). Appellate courts exercise unlimited review over whether a district court properly construed a pro se motion. 311 Kan. at 875.

> "'The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 petition is a procedure by which a prisoner may challenge his or her conviction or sentence, while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution.' [Citations omitted.]" *Denney v. Norwood*, 315 Kan. 163, 172, 505 P.3d 730 (2022).

Each of Reynolds' claims in his motion attacked his convictions and not the mode or conditions of his confinement. All three claims are similar iterations that the State failed to include his age as an element in the information, produced insufficient evidence of his age, failed to instruct the jury that his age was an element of his offenses, and otherwise failed to prove his age at trial. Each claim boils down to the assertion that

Reynolds should not have been convicted because his age was omitted as an essential element of his offenses throughout his case. Thus, Reynolds did not challenge the mode or conditions of his confinement and instead attacked the validity of his convictions. The district court correctly construed Reynolds' motion under K.S.A. 60-1507.

Turning to the issue raised on appeal, Reynolds' sole claim is that the district court erred in dismissing the case for lack of jurisdiction and should have instead transferred it to the appropriate venue, Wyandotte County. Reynolds argues that this case does not present a jurisdictional issue and is instead purely a venue issue. The Respondent disagrees and argues that the district court was correct to dismiss the case for lack of jurisdiction. An appellate court reviews the district court's summary dismissal of either a K.S.A. 60-1501 petition or a K.S.A. 60-1507 motion de novo. *Denney*, 315 Kan. at 176 (K.S.A. 60-1501 petition); *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018) (K.S.A. 60-1507 motion).

Reynolds cites to two cases to support his claim that the district court should have transferred venue to Wyandotte County. *White v. State*, No. 121,755, 2020 WL 2602031, at *1-2 (Kan. App. 2020) (unpublished opinion), is nearly identical to Reynolds' case. White filed a purported K.S.A. 60-1501 petition in Leavenworth County where he was incarcerated, although he was convicted in Butler County. The district court dismissed the petition finding that White sought relief under K.S.A. 60-1507 and not K.S.A. 60-1501, so White should have filed a K.S.A. 60-1507 motion in Butler County. On appeal, White raised the same argument that Reynolds raises here—that the district court should have transferred the case to the appropriate venue rather than dismissing it.

The court in *White* agreed and found that K.S.A. 60-611 applied. *White*, 2020 WL 2602031, at *1-2. K.S.A. 60-611 states: "If an action is commenced in good faith and a subsequent timely objection to the venue is sustained, . . . the action shall be transferred to a court of proper jurisdiction of any county of proper venue." The court acknowledged

4

that neither party objected to venue below but found that the requirement to object was satisfied because the district court sua sponte raised and addressed the venue issue. The court reversed and remanded with directions for the district court to transfer the case to Butler County. 2020 WL 2602031, at *1-2.

Reynolds also cites *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 366, 481 P.3d 180 (2021). Johnson filed a K.S.A. 60-1501 petition in Shawnee County although he was confined in Reno County. The district court dismissed the petition since Johnson was not confined in Shawnee County. Relying on K.S.A. 60-611 and citing *White* with approval, the court reversed the district court's dismissal and remanded with directions for the district court to transfer venue to Reno County. 59 Kan. App. 2d at 366. The court noted that in recent years, when an inmate's postconviction motion was filed in the wrong county, most of our court's decisions have found that the proper course is to transfer the case to the appropriate district court so that the case may be heard. 59 Kan. App. 2d at 364-65. See, e.g., *White*, 2020 WL 2602031, at *1-2; *Johnson v. Pryor*, No. 116,126, 2017 WL 2403358, at *3 (Kan. App. 2017) (unpublished opinion) (affirming district court's dismissal of habeas petition for lack of jurisdiction but remanding for transfer to the appropriate venue); *Miller v. State*, No. 114,557, 2016 WL 7032240, at *8 (Kan. App. 2016) (unpublished opinion) (finding that transferring a case file in an improper venue serves "'the interest of administrative and judicial economy'"); *Lindsay v. Conover*, No. 104,731, 2011 WL 2040283, at *1 (Kan. App. 2011) (unpublished opinion) (noting that when a habeas petition is brought in the wrong county, "[t]he remedy for improper venue typically is transfer to a court in which venue properly lies . . . rather than dismissal").

The Respondent tries to distinguish *Johnson* and *White* and argues they are inapplicable here. But although *Johnson* is factually distinguishable from Reynolds' case, it supports venue transfer as the proper remedy when a case is filed in the wrong county. And we find *White* to be directly on point and indistinguishable from Reynolds' case.

The Respondent also cites *Wheeler v. State*, No. 120,981, 2020 WL 1646810, at *3 (Kan. App. 2020) (unpublished opinion), where this court upheld the dismissal of an inmate's K.S.A. 60-1501 petition filed in Wyandotte County for failure to file it in Leavenworth County where the inmate was incarcerated. *Wheeler* is not persuasive for two reasons. First, venue transfer was not argued by the inmate as the proper remedy in *Wheeler*. Second, the *Wheeler* court noted that the inmate had an identical claim pending in Leavenworth County in another case, so the inmate was not without an avenue to pursue the merits of his claim. 2020 WL 1646810, at *4.

In sum, we agree that the district court correctly construed Reynolds' motion under K.S.A. 60-1507, which should have been filed in Wyandotte County, the county where Reynolds was convicted and sentenced. But the district court erred in dismissing the case. The more appropriate remedy would have been for the district court to transfer venue to the proper county. Thus, we reverse the district court's order dismissing the case and remand with directions for the district court to transfer venue to Wyandotte County.

Before closing, we note that in denying Reynold's motion for reconsideration, the district court commented that Reynolds raised the same arguments he is making in his current case in prior postconviction actions filed by Reynolds in Wyandotte County. If we were certain the district court's observation was correct, we might consider affirming the dismissal of Reynolds' case without directing a venue transfer to Wyandotte County. See *Stringer v. State*, No. 125,265, 2023 WL 4983128, at *3 (Kan. App. 2023) (unpublished opinion) (affirming dismissal of K.S.A. 60-1507 motion filed in wrong county without ordering venue transfer where records showed motion would have been untimely even if filed in proper county). But we are unsure if all of Reynolds' current claims have been addressed in prior filings. The merits of Reynolds' claims have not been briefed or addressed by either party, and the Respondent does not argue in this appeal that Reynolds' current claims are successive or barred by claim preclusion. It is not our court's function at this stage of the proceedings to speculate on whether Reynolds' current action

6

has any merit or is subject to any defenses. The more prudent course is to leave the matter to the parties and the district court to develop a record on the merits of the claims after the case is properly transferred to Wyandotte County.

Reversed and remanded with directions for the district court to transfer venue to Wyandotte County.